UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKYROCKET, LLC d/b/a SKYROCKET TOYS LLC,

                           Plaintiff

               -against-

COMEYUN, F2TOYDH, HELLOTANGTANG, HUANGCC31, JOY4TOY, ONETOYS, PINK350, PINK700, PINKTN, VMNICE, YAN350 and YUN350,

                         Defendants.

**ORDER**

19 Civ. 11623 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff alleges trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, and copyright infringement – as well as state law claims – against Defendants Comeyun, F2toydh, Hellotangtang, Joy4toy, Onetoys, Pink350, Pinktn, Vmnice, Yan350 and Yun350 (the "Defaulting Defendants"). Plaintiff's claims arise out of the Defaulting Defendants' unauthorized use of Plaintiff's Blume Mark[1] and Blume Work[2] in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[3]

        Having considered Plaintiff's memorandum of law and the affidavit of Brieanne

---

[1] U.S. Trademark Registration No. 5,789,875 for "BLUME" for a variety of goods in Class 28.
[2] U.S. Copyright Registration No. VAu 1-346-297, covering the Blume Series 1 Characters, Packaging, Instruction Sheet and Collectable Guide.
[3] Products bearing or used in connection with the Blume Mark and/or Blume Work, and/or products in packaging and/or containing labels and/or hang tags bearing the Blume Mark and/or Blume Work, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Blume Mark and/or Blume Work and/or products that are identical or confusingly or substantially similar to the Blume Products.

1

Scully filed in support of Plaintiff's motion for a default judgment and a permanent injunction, the certificates of service regarding the Summons and Complaint, the Clerk's certificate of default, and upon all other pleadings and papers filed in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Plaintiff has properly pled all claims in the Complaint against Defaulting Defendants;

## II. Permanent Injunction

1) Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Blume Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Blume Mark and/or incorporating one or more of the Blume Work and/or artwork that is substantially similar to, identical to and constitute infringement of the Blume Work;

   B. directly or indirectly infringing in any manner Plaintiff's Blume Mark and Blume Work;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Blume Mark and Blume Work to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Blume Mark and Blume Work, or any other marks or artwork that are confusingly similar to the Blume Mark and Blume Work on or in connection with the

      manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. Defaulting Defendants' User Accounts[4] and/or Merchant Storefronts[5];

    ii. Defaulting Defendants' Assets[6]; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion,

---

[4] Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with the Defaulting Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

[5] Any and all User Accounts through which the Defaulting Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with the Defaulting Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

[6] Any and all money, securities or other property or assets of the Defaulting Defendants (whether said assets are located in the U.S. or abroad).

        distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

    G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Blume Mark and Blume Work, or bear any marks or artwork that are confusingly or substantially similar to the Blume Mark and Blume Work pursuant to 15 U.S.C. § 1118;

### III. Miscellaneous Relief

1. Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property; and

2. This Court shall retain jurisdiction over this matter and the parties in order to construe and

enforce this Order.

Dated: New York, New York
January 24, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5