UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKYROCKET, LLC, d/b/a Skyrocket Toys LLC,

               Plaintiff,

        - against -

COMEYUN, F2TOYDH, HELLOTANGTANG, HUANGCC31, JOY4TOY, ONETOYS, PINK350, PINK700, PINKTN, VMNICE, YAN350, and YUN350,

               Defendants.

**ORDER**

19 Civ. 11623 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Skyrocket, LLC – a global manufacturer and tech-entertainment company that sells electronics, gaming products, and children's toys – filed this trademark infringement action on December 19, 2019.  (Cmplt. (Dkt. No. 6) ¶¶ 1, 7)  The Complaint alleges that Defendants – Comeyun, F2toydh, Hellotangtang, Huangcc31, Joy4toy, Onetoys, Pink350, Pink700, Pinktn, Vmnice, Yan350, and Yun350 – marketed and sold counterfeit versions of Plaintiff's Blume line of collectible dolls.  (Id. ¶¶ 9, 34-44)  In the Complaint, Plaintiff seeks damages related to Defendants' trademark infringement and an award of attorneys' fees.  (Id. at 27-32)

        On January 22, 2021, this Court entered an order of default against each Defendant except Defendants Huangcc31 and Pink700, and referred this case to Magistrate Judge Robert W. Lehrburger for an inquest on damages.  (Order of Default (Dkt. No. 32) at 2; Order of Reference (Dkt. No. 34))  Magistrate Judge Lehrburger has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages.  (R&R (Dkt. No. 40))

## BACKGROUND

The Clerk of Court issued a certificate of default as to each Defendant on December 16, 2020.  (Cert. of Default (Dkt. No. 22))  On December 21, 2020, Plaintiff voluntarily dismissed as to Defendant Huangcc31.  (Dkt. Nos. 23, 28)  On December 22, 2020, this Court directed Defendants to show cause on January 21, 2021 why a default judgment and permanent injunction should not be entered against them.  (Dkt. No. 29)  Defendants did not file any opposition to Plaintiff's motion for a default judgment and permanent injunction, and did not appear for the January 21, 2021 hearing.  (Order of Default (Dkt. No. 32) at 1-2)

At the January 21, 2021 hearing, this Court ruled that Plaintiff had not established a basis for this Court to exercise personal jurisdiction over Defendant Pink700.  (Id. at 2; Tr., at 5-8)  The Court granted Plaintiff leave until February 21, 2021 to supplement its application as to Defendant Pink700.  (Tr., at 15-16)  In the absence of such a showing, Plaintiff was directed to show cause by February 21, 2021 as to why its claims against Defendant Pink700 should not be dismissed for lack of personal jurisdiction.  (Id.)  Plaintiff has not made any additional submission addressing personal jurisdiction as to Defendant Pink700.  Accordingly, Plaintiff's claims against Defendant Pink700 are dismissed.

Following the January 21, 2021 hearing, this Court entered a permanent injunction and order of default against all Defendants except for Huangcc31 and Pink700 (the "Defaulting Defendants"), and referred this case to Judge Lehrburger for an inquest on damages.  (Order of Default (Dkt. No. 32) at 2; Permanent Injunction Order (Dkt. No. 33); Order of Reference (Dkt. No. 34))

On January 25, 2021, Judge Lehrburger directed Plaintiff to submit proposed findings of fact and conclusions of law, and supporting documents, by March 8, 2021.  Judge

Lehrburger directed Plaintiff to make submissions that would establish the legal and factual bases for an award of damages and attorneys' fees.  (Dkt. No. 35)  On March 8, 2021, Plaintiff filed (1) proposed findings of fact and conclusions of law (Dkt. No. 36); (2) an inquest memorandum (Dkt. No. 38); and (3) a supporting declaration (Dkt. No. 37).  In its submission, Plaintiff states that it is not seeking an award of attorneys' fees.  (See Yamali Decl. (Dkt. No. 37) ¶ 18)

In a May 6, 2021 R&R, Judge Lehrburger concludes that no hearing is necessary, and that the inquest can properly be resolved on the submissions and prior proceedings.  (R&R (Dkt. No. 40) at 4)  Judge Lehrburger recommends that this Court award Plaintiff $50,000 in statutory damages against each Defaulting Defendant – for a total of $500,000 – plus post-judgment interest.  (Id. at 16, 19)

Judge Lehrburger directs Plaintiff to serve a copy of the R&R on all Defaulting Defendants (id. at 20), and Plaintiff did so on May 7, 2021 (Dkt. No. 41).  The R&R makes clear that "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review."  (R&R (Dkt. No. 40) at 20 (emphasis omitted))  No party has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011)

3

(citing Fed. R. Civ. P. 72(b) advisory committee note).  Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from [May 6, 2021] to file written objections to this Report and Recommendation." (R&R (Dkt. No. 40) at 19)  The R&R further states that "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review."  (Id. at 20 (emphasis omitted))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to Judge Lehrburger's R&R.

Because no party has filed objections to Judge Lehrburger's R&R, the parties have waived judicial review.  This Court has, however, reviewed Judge Lehrburger's twenty-one-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Lehrburger's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and Plaintiff is awarded $50,000 in statutory damages against each Defaulting Defendant.  Post-judgment

interest is awarded using the federal rate set forth in 28 U.S.C. § 1961, calculated from the date the Clerk of Court enters judgment in this action until the date of payment.

Because Plaintiff has not provided a basis for this Court to exercise personal jurisdiction over Defendant Pink700, Plaintiff's claims against Defendant Pink700 are dismissed without prejudice.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
July 13, 2022

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge